**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeanette Bazan, | No. CV-20-01138-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Hammerman & Hultgren PC, | |
| Defendant. | |

Before the Court is Jeanette Bazan's motion for partial judgment on the pleadings, which is fully briefed. (Docs. 12, 13, 15.) For the following reasons, the Court will grant Ms. Bazan's motion.

Hammerman & Hultgren ("H&H") is a collection services law firm representing Reliable Credit Association, a creditor with whom Ms. Bazan held a past due account. On January 8, 2020, H&H sent Ms. Bazan an initial communication ("the Letter") listing her outstanding debt as "the sum of $6,162.30, plus accrued interest in the sum of $691.90, plus accruing interest at the contract rate of 24.99% per annum from after April 16, 2019." (Doc. 1-2 at 2.) On June 9, 2020, Ms. Bazan filed a complaint bringing claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") alleging, *inter alia*, that H&H violated 15 U.S.C. §§ 1692e(2)(A) and 1692g(a)(1) by sending the Letter, which she argues failed to meaningfully convey the amount of her debt and constituted an unlawfully deceptive communication. (Doc. 1.) Ms. Bazan seeks judgment on the pleadings only as to her §§

1692e(2)(A) and 1692g(a)(1) claims. (Doc. 12.)

"To prevail on a FDCPA claim, a plaintiff must sufficiently [establish] that (1) [s]he was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Hamilton v. Tiffany & Bosco PA*, No. CV-14-00708-PHX-GMS, 2015 WL 11120694, at * 2 (D. Ariz. Feb. 10, 2015) (citing 15 U.S.C. § 1692; *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009)). H&H has admitted the first two prongs. Therefore, the Court must determine only whether H&H engaged in an act or omission prohibited by the FDCPA as a matter of law. Plaintiff asserts that the facts establish that H&H violated both 15 U.S.C. §§ 1692e(2)(A) and 1692g(a)(1). The Court will address each section, in turn.

Under § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt" and, specifically under subsection 2(A), with regard to "the character, amount, or legal status of any debt." Here, Ms. Bazan asserts that the undisputed facts demonstrate that H&H's characterization of the debt owed in the Letter was deceptive as a matter of law. A debt collection letter is deceptive when the least sophisticated debtor would likely be misled and the letter "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (internal quotations omitted). Ms. Bazan contends that the least sophisticated consumer, looking to the Letter's language, would be unsure of the debt amount and might reasonably reach at least three different balance figures, two of which are inaccurate. The Court agrees.

The Letter states that the debt equaled "the sum of $6,162.30, plus accrued interest in the sum of $691.90, plus accruing interest at the contract rate of 24.99% per annum from after April 16, 2019. First, the least sophisticated consumer could reasonably believe that the $691.90 figure represented the accrued interest between April 16, 2019—the date the

Letter represents interest accrues from—and January 8, 2020—the date of the Letter. Adding $691.90 to $6,162.30, the least sophisticated debtor could reasonably conclude the balance as of January 8, 2020 was $6,854.20.  Second, the least sophisticated debtor could reasonably believe that the Letter conveyed a balance of $7,980.69—$6,161.30 + $691.90 (identified interest) + $1,126.49 (additional interest assessed on $6,161.30).  Third, the least sophisticated debtor could also reasonably assume that the interest accrued on all amounts identified in the Letter, leading to a balance of $8,107.17—$6,161.30 + $691.90 (identified interest) + $1,252.97 (additional interest accrued on $6,161.30 and $691.90). Although a generally astute or savvy individual might push back against one or more of these interpretations as less likely though not wholly impossible, the least sophisticated debtor standard 'ensure[s] that the FDCP protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous." *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (citation and internal quotation omitted).

Next, under § 1692g(a), a debt collector must, either in its initial communication or within five days of that initial communication, send the debtor a written notice that "effectively" conveys the debt amount. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997).  A communication in which the amount is not clearly stated so "as to not confuse the least sophisticated consumer" does not comply with this notice requirement. *Pavlovich v. Account Discovery Sys., LLC*, No. 17-CV-0412-AJB-KSC, 2018 WL 1605174, at *2 (S.D. Cal. Apr. 3, 2018).  Here, the Letter did not meet the clear-notice-of-debt requirement. Rather, in order to determine the balance, the least sophisticated debtor would need to calculate the sum independently and, in doing so, could reach at least three different reasonable answers.  Therefore, as to §§ 1692e and 1692g, Ms. Bazan makes a prima facie case.  The Court next evaluates whether H&H has put any relevant issue in dispute so as to foreclose judgment on the pleadings.

H&H first argues that judgment on the pleadings is inappropriate because it expressly denied legal conclusions in its answer.  For example, it notes that it denied that

the least sophisticated debtor would, looking to the Letter's language, be unsure about the amount of the debt as set forth in the Letter. Denying a legal conclusion does not create a dispute to survive judgment on the pleadings.

Second, H&H avers that judgment on the pleadings is inappropriate because it has asserted a bona fide error defense in its answer. The bona fide error defense is an affirmative defense for "clerical, calculation, computer malfunction and programming, and printing errors." *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 705 (9th Cir. 1986). The defense does not apply to "a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *Jerman v. Carlisle, McNelli, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 574 (2010). The bona fide error defense is inapplicable here because the violations alleged—making a deceptive representation and failing to effectively convey a debt—arise from legal judgments as to FDCPA obligations; they are not typos, faulty math calculations, or misprints.

Third, H&H posits that judgment is inappropriate because it raised the following affirmative defenses: failure to state a claim, proximate cause, estoppel, release, waiver, failure to mitigate damages, statute of frauds, statute of limitations, fraud, mistake, failure to join an indispensable third party, assumption of risk, intervening or superseding cause, accord and satisfaction, arbitration and award, duress, failure of consideration, illegality, payment, res judicata, and laches. Each of these affirmative defenses is inapplicable or insufficient.[1]

---

[1] First, failure to state a claim is not an affirmative defense, but rather an assertion of a defect in the plaintiff's prima facie case. Second, as to these two FDCPA claims, no reasonable inference of plausibility can be drawn from H&H's defenses of proximate cause, estoppel, statute of frauds, assumption of risk, failure to join an indispensable party, intervening or superseding cause, failure of consideration, duress, illegality and laches. *See Racick v. Dominion Law Associates*, 270 F.R.D. 228, 236 (E.D.N.C. 2010). The release, waiver, accord and satisfaction, arbitration and award, payment, and res judicata defenses are similarly implausible considering the apparent lack of settlement, agreement, arbitration, or prior judgment in this matter. Third, the only FDCPA-specific affirmative defense raised—bona fide mistake—is inapplicable for the reasons described above. Fourth, Ms. Bazan does not move for judgment on the pleadings as to damages, rendering the failure to mitigate damages affirmative defense irrelevant. Finally, Ms. Bazan has clearly brought these claims within the one-year statute of limitations period. 15 U.S.C. § 1692k.

Fourth, H&H argues that Ms. Bazan has failed to prove that it made a representation that was "false, deceptive or misleading" in violation of § 1692e, because Ms. Bazan has not shown that the representation was false, rather than merely deceptive. The Court rejects H&H's counterintuitive and distorted reading of the statute, which attempts to interpret "false, deceptive, or misleading" as "false, deceptive, and misleading." However, even if Ms. Bazan were required to show that the Letter included a false representation, she has done so. The Letter is subject to at least three balance calculations, two of which are necessarily false.

Fifth, H&H contends that judgment on the pleadings under § 1692e is inappropriate because Ms. Bazan has made no showing that she was, in fact, deceived. Ms. Bazan's state of mind is irrelevant to her recovery; rather, the Court conducts an objective inquiry under the "least sophisticated debtor" standard. *Afewerki v. Anaya Law Grp.,* 868 F.3d 771, 775 (9th Cir. 2017).

Finally, H&H asserts that judgment on the § 1692g claim is inappropriate because it clearly conveyed the debt balance. Again, presenting its own legal conclusion does not create a dispute to survive judgment on the pleadings. In sum, the Court finds that, as a matter of law, H&H violated both 15 U.S.C. §§ 1692e(2)(A) and 1692g(a)(1).

**IT IS ORDERED** that Ms. Bazan's motion for partial judgment on the pleadings (Doc. 12) is **GRANTED**.

Dated this 10th day of September, 2020.

Douglas L. Rayes
United States District Judge